Georgia SAUNDERS, individually and on behalf of all others similarly situated, Plaintiff,

v.

Richard SCHWEIKER,[1] Secretary of the United States Department of Health and Human Services, Defendant.

No. CIV–80–163.

United States District Court, W. D. New York.

Feb. 23, 1981.

1. Pursuant to Fed.R.Civ.P. rule 25(d)(1), such defendant is hereby ORDERED substituted for that originally named.

Peter D. Braun, Keith A. Morgenheim, Neighborhood Legal Services, Inc., Buffalo, N.Y., for plaintiff.

Richard J. Arcara, U. S. Atty., Buffalo, N.Y. (Jack S. Penca, Asst. U. S. Atty., Buffalo, N.Y., of counsel), for defendant.

MEMORANDUM and ORDER

ELFVIN, District Judge.

This is an action challenging the determination of the Appeals Council of the Social Security Administration to reduce the plaintiff's Supplemental Security Income ("SSI") grant on the stated basis that plaintiff was receiving $30 monthly in income in kind, because she paid only $100 monthly rent, while the fair market value of her apartment was $130. Plaintiff, who seeks to represent a class of all SSI recipients in New York State whose grants have been reduced on the basis that they had received "in kind" income through the payment of below-market-value rents, raises two different sets of claims herein. The first set challenges the evidence and procedure employed in her individual case. She alleges that the determination of the Administrative Law Judge ("the ALJ") of the fair rental value of her apartment was based solely on the reply to a form sent by the Social Security Administration to plaintiff's landlord, who is plaintiff's son-in-law and who resides in another apartment in the same building in which plaintiff resides. Plaintiff claims that there was no showing by the Administration that her son-in-law landlord was qualified as an expert and able to offer an opinion on the fair rental value of plaintiff's apartment and that there was therefore no competent evidence supporting the ALJ's decision, that the ALJ and the Appeals Council failed, in contravention of applicable regulations, to deduct the fair rental value of benefits accruing to the landlord from plaintiff's tenancy (such as the assurance of having a responsible individual present in the building when the landlord was himself away), and that plaintiff was offered no sufficient opportunity to contest the determination of the apartment's fair market value. Plaintiff asserts, in substance, that the ALJ's decision in her case was unsupported by substantial evidence and infected with errors of law. Plaintiff further asserts that the form sent to her landlord failed to comply with the Privacy Act of 1974, 5 U.S.C. § 552a(e)(3), and that she has suffered damages as a result thereof, which are recoverable, with reasonable attorney's fees, under 5 U.S.C. § 552a(g).

Plaintiff also raises, as her other set of claims, several challenges to the decision herein not arising from alleged errors in her particular case. She asserts that obtaining shelter at below what is determined to be the fair rental value does not legally constitute " 'in-kind' income" within the meaning of the applicable statutes but is simply the "benefit of a bargain." If it is statutorily permissible to reduce her benefits because of low rent, then, plaintiff asserts, the distinction created by the statute between plaintiff and residents of publicly-subsidized housing, whose rent subsidies are expressly not included in their income for purposes of determining SSI benefit levels, deprives plaintiff of equal protection and due process of law.

Now before me are several motions, comprising an anomalous procedural situation. *Defendant* is moving to remand this action for further action by the Secretary; *plaintiff* is opposing such a remand. Defendant is also moving to dismiss plaintiff's claims under the Privacy Act. Plaintiff moves for a preliminary injunction and for certification as a class action, such motion for class certification having been timely filed. For reasons to be explained, defendant's motion to remand must be granted, his motion to dismiss denied, plaintiff's motion for a preliminary injunction denied, and plaintiff's motion for class action certification denied except insofar as it relates to plaintiff's Sixth Claim for Relief and, insofar as it relates to such claim, held in abeyance pending discovery.

As just noted, this action presents the unusual scenario of a defendant seeking and a plaintiff opposing a remand in a Social Security action. Plaintiff's counsel admits that he opposes this motion for remand because such result carries with its a risk that his individual client (the named plaintiff) will obtain, through administrative channels, the additional SSI benefits she seeks (and which she assertedly needs so desperately that a preliminary injunction is

warranted) and that such grant of benefits may moot the statewide class action certification of which is sought. This stance would appear to pose substantial ethical questions under Canon 5 of the Code of Professional Responsibility that might justify striking counsel's memoranda and appearance on this issue; however, in the absence of any objection from opposing counsel I will consider plaintiff's position on its merits.

Plaintiff opposes the motion to remand on two different grounds: that the statutory authority cited for the motion to remand is inapplicable to this action and that, if the cited authority were available to defendant, he has not met its requirements. Neither of these positions convinces.

Plaintiff asserts that defendant may not remand this action because it is not brought under 42 U.S.C. § 405(g) but pursuant to 28 U.S.C. § 1361 (mandamus), 42 U.S.C. § 1383(c)(3) and 5 U.S.C. § 552a.

■ It is clear that this action involves the merits of plaintiff's claim for benefits under the Social Security Act and not a collateral issue such as the timeliness of the administrative procedures. The United States Court of Appeals for the Second Circuit has strongly suggested (albeit in *dicta*) that mandamus jurisdiction does not lie in an action involving the merits of a Social Security claim as opposed to one which concerns a collateral issue. *White v. Mathews*, 559 F.2d 852, 856 (2 Cir. 1977), *cert. denied*, 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500 (1978). I have found no authority suggesting that the appellate court would find an exercise of mandamus jurisdiction permissible here.

42 U.S.C. § 1383(c)(3) expressly incorporates by reference the procedures of 42 U.S.C. § 405(g), which include the remand provision cited by defendant. Plaintiff cannot escape the requirements of section 405(g) by so pleading its cause.

■ It is true, of course, that plaintiff's claim for damages under the Privacy Act may not legally be remanded to the Secretary and that defendant has not moved to remand but, rather, to dismiss it, a matter discussed below. However, I am as unable to determine facts in an action subject to 42 U.S.C. § 405(g) as the Secretary is unable to decide a Privacy Act suit; my function under that section is to act as an appellate court and I am cited to no authority which would prevent me from remanding plaintiff's claims for benefits under the Social Security Act while retaining jurisdiction over the Privacy Act suit, if a remand of the Social Security claim were otherwise in order. Inasmuch as the remedies available and sought are wholly separate and different in kind, there would seem to be no obstacle to so doing.

■ Plaintiff's second objection to defendant's motion is that a demonstration of "good cause" is required for a remand, that defendant has not shown such and, in addition, that there are sound reasons for retaining the cause here. The first stage of plaintiff's argument is well-taken, in that it is necessary herein that the movant show good cause. Until the enactment June 9, 1980, of Public Law 96–265, 94 Stat. 441, defendant would have been entitled as a matter of right to a remand before answer. However, section 307 of that statute altered 42 U.S.C. § 405(g) to make a remand on the Secretary's motion discretionary and contingent on a showing of good cause. Defendant argues that this section is not applicable to this action, apparently on the grounds that the action and the motion were brought before the act was passed. However, the law was enacted prior to the return date of the motion, at which time the court has the power and duty to decide it. Additionally, I interpret section 307 as being effective immediately on passage of the statute. Numerous sections of P.L. 96–265 have specific, delayed effective dates. *See, e. g.*, §§ 303(d), 304(h), 311(b). I must conclude from the absence of any such provision in section 307 and from the absence of any general provision in the act specifying a delayed effective date that section 307 was intended to be effective immediately.

■ However, it nonetheless appears that good cause has been shown for a re-

mand. It is true that the Secretary has not himself made any substantial showing; however, this does not end the inquiry. The Complaint herein alleges numerous errors in the administrative process. If these are deemed to be true, as they must before an answer is filed, there is clearly "good cause" for a remand. It is not necessary for the Secretary to make an individual showing, with this pleading being before me as it is. It is true, as plaintiff stresses, that the Secretary will not be able to decide the constitutional questions presented and will be, at best, unlikely to reverse his own regulations. However, it is a fundamental premise of federal jurisprudence that a federal court does not issue advisory opinions or unnecessarily decide constitutional questions. Unless and until plaintiff is finally denied benefits in a proper administrative proceeding, any decision by me would amount precisely to such an advisory opinion. If plaintiff does receive benefits through the administrative process, her individual action will be mooted. If this happens, plaintiff will be unable to challenge the instant statutory and regulatory scheme through this litigation. This, however, is one of the limitations on federal judicial power. Moreover, it would be extremely unwise to essay constitutional adjudication based on a record as defective as that alleged herein. Good cause has been shown for a remand of all of this suit except plaintiff's sixth claim for relief as denominated in the Amended Complaint.

■ Defendant also moves for dismissal under Fed.R.Civ.P. rule 12(b)(6) of this Sixth Claim for Relief, plaintiff's Privacy Act claim. Defendant's motion is based on a United States Office of Management and Budget Guideline, 40 F.R. 28949, at 28961 (July 9, 1975), which states that the Privacy Act does not require disclosure of authority and purposes where one person (the so-called "third party") is asked to supply information about another. However, the plain language of 5 U.S.C. § 552a(e)(3) does not in any way distinguish between first-party and third-party contacts. The limitation noted in the Guideline also conflicts with the purposes and intent of the statute, which is to let citizens know why and for what reasons the United States is asking them questions. Given the potential for damage to a citizen's reputation when "the Government" starts to ask someone else questions about that citizen, the reasons for requiring a statement of the purpose for the inquiry would seem to be even more cogent than when the question is directed to the person who is the *object* of the inquiry. The preface to the Guideline itself requires that all agency conduct be consistent with the Privacy Act (*see*, 40 F.R. at 28948), and the Guideline does not purport to be a regulation having independent force of law. It appears to be simply an opinion on the scope of the Privacy Act. I am aware of the deference to be awarded such interpretations, but the Guideline's interpretation is rejected by me as unsupported by the law and internally unpersuasive. Neither defendant's nor my own research has disclosed any cases finding the Guideline to be a binding valid "regulation" implementing the Privacy Act. I believe the subsection cited by the Secretary is simply an interpretation, and an unpersuasive one; to the extent that it is deemed to be a binding regulation, I find that it conflicts with the Privacy Act and therefore is null and void. Therefore, plaintiff's Complaint accordingly states a facially valid claim for money damages and attorney's fees under the Privacy Act. Defendant's motion must therefore be denied. However, the amount of damages, if any, that could be awarded for the violation alleged would appear to depend in great measure on the cause and eventual outcome of the administrative procedures herein. This is an additional reason for remanding the claim for benefits to the Secretary.

■ Plaintiff has moved for a preliminary injunction seeking an award of the disputed benefits pending resolution of this suit. Inasmuch as the claim for benefits is being remanded and will no longer be before me, I would decline to award injunctive relief even if it were clear that I possessed the power to do so.

■ This leaves for resolution only the question of class action certification. Be-

cause plaintiff's claims, except the Sixth, are being remanded to the Secretary, there is no ongoing suit before me with respect to these claims, in which I would have power to certify a class action.

With respect to the Sixth Claim for Relief, a class action may still be appropriate.[2] However, discovery on the issue of numerosity has been stayed pending my decision on the instant motions. Numerosity in the instant matter is not something that could safely be inferred from sketchy proof; discovery on the issue will be needed prior to any ruling herein. Plaintiff's motion for class certification (*re* the Sixth Claim for Relief) should be held in abeyance pending conclusion of such discovery.

For these reasons, it is hereby ORDERED that (1) defendant's motion to remand this action (except for the Sixth Claim for Relief) to the Secretary for further action is granted; (2) defendant's motion to dismiss plaintiff's Sixth Claim for Relief is denied; (3) plaintiff's motion for a preliminary injunction is denied; (4) plaintiff's motion for class certification is denied except insofar as it relates to the Sixth Claim for Relief asserted in plaintiff's Complaint, such denial being without prejudice to reassertion of such motion if and when a final adverse decision of the Secretary in this action is appealed to me by plaintiff. It is hereby further ORDERED that defendant answer plaintiff's interrogatories filed March 24, 1980, limited, however, to the Sixth Claim for Relief; and it is further ORDERED that plaintiff's motion for class certification insofar as it relates to the Sixth Claim for Relief is held in abeyance pending completion of discovery; upon conclusion of such, plaintiff may move again for class certification.

---

**2.** It is not clear from the record whether plaintiff seeks a class action with respect to this claim. Although the proposed class definition might suggest that such is not being sought, for present purposes I assume that class action certification is requested on the Sixth Claim for Relief.