Acie L. BYRD, Plaintiff,

v.

Margaret M. HECKLER, Defendant.

Paulino YADAO, Plaintiff,

v.

Margaret HECKLER, Defendant.

Civ. A. Nos. 83–1920, 83–2312.

United States District Court, District of Columbia.

Dec. 21, 1983.

**550**

Acie L. Byrd, pro se.

Paulino Yadao, pro se.

Deborah A. Robinson, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM

HAROLD H. GREENE, District Judge.

The Court presently has before it two motions by the Secretary of Health and Human Services. The first, in Civil Action No. 83–1920 (*Byrd*), is a motion to alter or amend judgment; the second, in Civil Action No. 83–2312 (*Yadao*), is a motion for voluntary remand. Whatever the terminology, each motion constitutes a request by the Secretary for a remand of a case involving the review of a termination of social security benefits.

## I

The plaintiff in *Byrd* filed his complaint on July 5, 1983. On September 7, 1983, the day the answer was due, the government filed a motion for an enlargement of time within which to answer the complaint for an additional sixty days, claiming that the administrative record had not yet been compiled and transmitted to counsel. The Court denied the motion, commenting that "there is no reason why the compilation of an administrative record should take many months" and that "court processes are not to be governed by slow-moving administrative procedures." However, the govern-

ment was given until October 3, 1983, to answer or otherwise move with respect to the complaint.

Waiting again until the eleventh hour, the government on October 3, 1983, sought further delay by moving for voluntary remand for the purpose of locating or reconstructing the administrative record. The government explained that the Secretary

> must file the administrative record in order for this Court to review the Secretary's decision. Despite the efforts of the Department of Health and Human Services to compile a complete administrative record, plaintiff's claim file is missing.[1]

The Court denied the motion, and it observed that delay causes prejudice to the plaintiff, for as long as he must wait for an answer to the complaint and for judicial review of the Secretary's actions, the hardship on him and his family is prolonged. Nevertheless, the government was given an additional ten days in which to answer.[2] Again, the government chose not to answer, but instead it filed a motion to alter or amend the Court's order. That motion claimed that the denial of the remand and other relief "are not in accordance with applicable law."

The history of the *Yadao* case is similar. The complaint was served on August 18, 1983. On October 14, 1983, the government moved for an enlargement of time to answer until December 13, 1983. The motion was denied; however, the government was allowed until November 11, 1983, to answer or otherwise move with respect to the complaint.

On November 14, 1983—three days after the due date—without having answered the complaint or requested extension of time, the government moved for "voluntary remand." With one exception,[3] the motion is

---

1. Motion for Voluntary Remand at 1.

2. Order of November 9, 1983. The Court also granted plaintiff's unopposed motion for an order directing the Secretary to comply with a decision by an administrative law judge entitling plaintiff to four additional monthly disability payments.

3. Defendant's motion for voluntary remand in *Yadao* makes reference to 42 U.S.C. § 405(g). See *infra*. Reference to that statute was made in *Byrd* in the motion to alter or amend the Court's order.

identical to the motion in *Byrd*—identical in language, in the assertion that plaintiff's claim file was lost "[d]espite the efforts ... to compile a complete administrative record," and—despite the Court's intervening order in *Byrd* stating that plaintiffs are in fact prejudiced by such delays—in its assertion that plaintiff would not be prejudiced by a remand.

On the substantive merits, it appears that Byrd is former member of the U.S. Navy who was awarded disability under the social security laws in November 1969 [4] on the basis of trigeminal neuralgia, a disorder which causes unpredictable episodes of extreme facial pain. After his release from active duty in the Navy, plaintiff went back to school, earning a B.A. and a Master's degree. Several physicians concluded that plaintiff was incapacitated when the episodes of the disease occurred, but the administrative law judge who heard plaintiff's case determined that, because the pain was not continuous, his eligibility for benefits was to be cut off as of March 1982. As for plaintiff Yadao, he is a resident of the Philippines who states in his complaint only that he was informed that his benefits were terminated although "I was disabled at 6 years old up to this time I am still incapacitated." [5]

## II

In both cases, after the government's applications for extensions of time had been denied, there were no requests for reconsideration but only a curt reminder that, whatever the Court's rulings, it had no option: according to the government, a law enacted by the Congress *requires* the Court to return the cases to the Department of Health and Human Services for whatever time it might take to reconstruct plaintiff's file (assuming that could ever be done). Leaving to one side the startling assumption that, by use of this statute, HHS and its attorneys could, in effect, delay indefinitely [6] access to the courts by those whose social security payments have been cut off, the government's papers suffer from another, more obvious flaw: the language in the statute on which they rely was repealed several years ago.

The crux of the argument in support of the government's two motions is that, under 42 U.S.C. § 405(g), the Court lacks discretion whenever the Secretary requests a remand—it must remand the case to the Secretary. In support of this contention, government counsel quote section 405(g) as providing that

> the court *shall*, on motion of the Secretary before he files his answer, remand the case to the Secretary for further action by the Secretary ... (emphasis added).

In fact, section 405(g) was amended over three years ago regarding the very point for which the government cites it. As amended in 1980, the statute provides that the

> court *may*, on motion of the Secretary made *for good cause shown* ... remand the case to the Secretary ... (emphasis added).

Congress thus amended the statute with the specific intention of allowing courts discretion in deciding these motions,[7] and

---

**4.** That is the year cited by the administrative law judge; plaintiff's complaint asserts that he had received benefits *since December 1974.*

**5.** The letter of the Clerk of the Court, which the Court considered to be a complaint, goes on to state

> I pray that further favorable action be made on my case so much so, that may enjoy the benefit the United States government may give. I shall consider it a debt of gratitude for whatever assistance you may extend to my aforesaid request.

**6.** The memorandum in support of defendant's motion to alter or amend requests, without any outside limit, that it be granted "10 days from receipt by defendant [sic] of the administrative record within which to answer or otherwise move...." Memorandum at 1.

**7.** The House Report provides

> Section 11 remedies two chronic problems in the provisions in the law which authorize the remand of court cases back to the administrative process. First, your committee's bill would limit the absolute authority of the Secretary of Health, Education, and Welfare to

untying the courts' hands when presented with motions for remand such as these.[8]

The government's actions in these cases are thus wholly inappropriate on several bases.

First. The government has twice misrepresented the law to the Court, once in the motion for voluntary remand in *Yadao* and once in the motion to alter or amend judgment in *Byrd.*

Second. The government has caused delay, to the prejudice of the plaintiffs. The plaintiffs in these cases are typically individuals who believe, perhaps justifiably, perhaps not, that their benefits have been improperly terminated. While their cases are delayed in the courts, they are not receiving the much-needed benefits to which they may, in fact, be entitled. These cases should therefore be moved along swiftly, rather than being hopelessly prolonged due to inefficiencies of the filing system at the Department of Health and Human Services. It is the responsibility of that Department to keep proper administrative records and to ensure that they may be located. If it fails to do so, it is the Department which must suffer the consequences, not the plaintiffs seeking review of Department decisions.

Third. Through use of a repealed law, the government has managed to avoid answering a complaint served on August 18, 1983 in the *Yadao* case, and a complaint served at the beginning of July in *Byrd,* despite the fact that the Court has denied various of its motions for extension or enlargement[9] of time. If these two cases were isolated instances, that would be harmful enough. But motions are increasingly being filed for repeated extensions and enlargements of time and for the return of the cases to the administrative agencies because the administrative files have been lost or dispersed and cannot be found or reconstructed. The various departments and agencies involved seem to assume that this is an acceptable manner of proceeding with the course of litigation. It is not acceptable to the Court.

Not only does this practice provide the government with tactical advantages, in terms of scheduling and otherwise, not available to other litigants, and thus tends to undermine the courts' image as a place where both sides are treated equally, but it also delays and frustrates achievement of the rights of individuals, such as those seeking social security, who are most in need of a definitive decision. It is simply not acceptable to import into the courts the refusals to reply, the unintelligible answers, the remands from office to office and bureau to bureau, which are unfortunately typical of some government departments.

Accordingly, the Court denies the government's motion to alter or amend the

---

remand cases back to the appeals council before answer. The Harrison subcommittee suggested in its report that such absolute discretion gave the Secretary the ability to remand cases back so that they could be strengthened to sustain court scrutiny. Other critics, including the Center for Administrative Justice in its 1977 report, believed that the current provision might lead to laxity in appeals council review in that they might get another look at the case if it was appealed to the district court. Your committee's bill would require that such remands would be discretionary with the court upon a showing by the Secretary of good cause.
H.R.Rep. No. 96–100, 96th Cong., 1st Sess. (1979) at 13; see also S.Rep. No. 96–408, 96th Cong., 1st Sess. (1979), at 5–6, 58, U.S.Code Cong. & Admin.News 1980, 1277. See also, *e.g., Saunders v. Schweiker,* 508 F.Supp. 305, 308 (W.D.N.Y.1981).

**8.** The statute may not, in any event, apply to the situation in the *Byrd* and *Yadao* cases. Even under the defendant's version of § 405(g), cases are to be remanded "for further action by the Secretary." However, the government here requested remands solely "for the purpose of locating or reconstructing the administrative record." This does not appear to constitute "further action by the Secretary," nor is there any reason to remand cases for what essentially amounts to the preparation of answers to complaints.

**9.** When the Court has already denied an extension of time, the practice of permitting the allotted time to expire and then, after the expiration, to request an enlargement, is particularly objectionable. The Court expects this practice to cease.

judgment in *Byrd* and the motion for a voluntary remand in *Yadao*. In *Byrd*, the Court is satisfied that plaintiff has established his claim (see Fed.R.Civ.P. 55(e)) and a default will accordingly be entered.[10] The Court will appoint counsel for *Yadao* to assist that resident of the Philippines in his effort to secure a decision of his claim in this Court.

## ORDER

For the reasons stated in a Memorandum filed this date, it is this 21st day of December, 1983,

ORDERED That defendant's motion to alter or amend judgment in Civil Action No. 83–1920 be and it is hereby denied, and it is further

ORDERED That defendant's motion for voluntary remand in Civil Action No. 83–2312 be and it is hereby denied, and it is further

ORDERED That defendant shall forthwith make to plaintiff in Civil Action No. 83–1920 the four monthly payments for the period December 1981 through March 1982, and it is further

ORDERED That a default judgment be and it is thereby entered in favor of plaintiff in Civil Action No. 83–1920, and that defendant be and she is hereby ordered to rescind forthwith the termination of plaintiff's social security payments.

---

10. The Court also requires that the four monthly payments due to Byrd be made forthwith. The government has requested that the grant of such relief be reversed, apparently on the ground that the Court could not find, in accordance with section 405(g), that the administrative findings were not supported by substantial evidence. The government does not properly characterize the nature of the Court's order. · That order resulted from plaintiff's unopposed request that the decision of the administrative law judge be enforced. Plaintiff did not dispute the administrative law judge's decision, so that a § 405(g) hearing was not applicable, and a finding by this Court in accordance with the provisions of that statute would have been inappropriate. The Court notes further that even if its order had arisen from a § 405(g) petition, it was the Secretary's responsibility to "file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g). The government chose neither to file such a transcript nor to defend in any other way its failure to abide by the decision of the administrative law judge.