United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 26, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 05-20109

_____

PATRICK SWEENEY,

Plaintiff–Appellant,

versus

MICHAEL CHERTOFF, SECRETARY OF HOMELAND SECURITY,
DEPARTMENT OF HOMELAND SECURITY,

Defendants–Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
No. 4:03-CV-5865

_____

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.[*]

EDITH BROWN CLEMENT, Circuit Judge:[**]

In this Privacy Act case, the employee's injury was not caused by the employer's violation of the Act's requirements. Accordingly, we affirm the district court's grant of summary judgment in favor of the defendant.

## I. FACTS AND PROCEEDINGS

---

[*]Carl E. Stewart, Circuit Judge, concurring in the judgment only.

[**]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

-1-

Viewing the facts in the light most favorable to the appellant, as we must when reviewing a grant of summary judgment, the relevant events transpired as follows. Patrick Sweeney was, and remains, employed by the Department of Homeland Security ("DHS") as a criminal investigator in Houston, Texas. In February 2003, Sweeney was informed by his supervisor, Edward Tarver, that he had been selected as the office's nominee for a seventy-five day temporary duty assignment ("TDY"), teaching at the Federal Law Enforcement Training Center. Tarver informed Sweeney that he needed to complete Optional Form 612 ("OF-612") in connection with the assignment, in order to detail his work experience and career accomplishments.[1]

Sweeney asked Tarver whether the TDY was voluntary. Tarver repeated that Sweeney had been nominated for the TDY and that he needed to fill out the form. Sweeney replied that he did not want the assignment, would not volunteer for the assignment, and did not want to fill out the form. Tarver then ordered Sweeney to fill out the form.

On February 18, Sweeney submitted the form with a one-line description in the "Work Experience" field. Tarver told Sweeney his response was insufficient and asked Sweeney to provide a more complete description. Sweeney refused to supplement his response without a written order. Tarver gave Sweeney a written order, and Sweeney completed the form again with slightly more description. The following day, the Assistant Special-Agent-In-Charge of the Houston office informed Sweeney that his answers to the form were insufficient and ordered Sweeney once again to complete the form thoroughly. Sweeney at first refused, repeating that he would not volunteer for the TDY. Ultimately, Sweeney completed the form, and when he turned it in, the Assistant Special-

---

[1]OF-612 is a standard employment form used by the federal government. It asks routine questions regarding, *inter alia*, work experience, duties, accomplishments, and education.

Agent-In-Charge informed him he was no longer the office's nominee for the position.

A few months later, pursuant to a formal internal process, Sweeney received a one-day suspension for insubordination for his refusal to complete the form. The suspension cost Sweeney $301.84 in lost wages. Sweeney was informed that he could appeal the suspension through an internal grievance system or through an EEOC challenge. Eschewing any other remedy, Sweeney instead brought this action in district court under the Privacy Act ("the Act"), 5 U.S.C. § 552a. Sweeney alleged that DHS violated the Act by failing to inform him that completing the form was voluntary, in violation of 5 U.S.C. § 552a(e)(3)(A), and by failing to correct records relating to his employment, in violation of 5 U.S.C. § 552a(g)(1)(A).

After appropriate filings, the district court granted summary judgment to DHS. The district court found that DHS did not violate the Act because Sweeney's injury was not caused by any violation of the Act's requirements. Alternatively, the district court found that Sweeney could not pursue his claim because he had failed to exhaust administrative remedies. Sweeney timely appealed to this court.

## II. STANDARD OF REVIEW

This court reviews de novo a district court's grant of summary judgment, using the same standards as the district court. *Lamar Adver. Co. v. Cont'l Cas. Co.*, 396 F.3d 654, 659 (5th Cir. 2005). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). We view the evidence and all reasonable inferences in the light most favorable to the nonmoving party. *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). *See generally Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

## III. DISCUSSION

A.      Applicable Law

The Privacy Act "safeguards the public from unwarranted collection, maintenance, use and dissemination of personal information contained in agency records . . . by allowing an individual to participate in ensuring that his records are accurate and properly used." *Jacobs v. Nat'l Drug Intelligence Ctr.*, 423 F.3d 512, 515 (5th Cir. 2005) (quotation omitted) (alteration in original). The Act provides in relevant part:

> Each agency that maintains a system of records shall . . . inform each individual whom it asks to supply information, on the form which it uses to collect the information or on a separate form that can be retained by the individual . . . the authority . . . which authorizes the solicitation of the information and whether disclosure of such information is mandatory or voluntary.

5 U.S.C. § 552a(e)(3)(A).

However, the Act only provides a civil remedy when a government agency's violation of an Act requirement causes injury:

> Whenever any agency . . . fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual . . . the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.

5 U.S.C. § 552a(g)(1)(D). The Supreme Court has held that "the reference in § 552a(g)(1)(D) to 'adverse effect' acts as a term of art identifying a potential plaintiff who satisfies the injury-in-fact and causation requirements of Article III standing, and who may consequently bring a civil action without suffering dismissal for want of standing to sue." *Doe v. Chao*, 540 U.S. 614, 624 (2004). *See also Orekoya v. Mooney*, 330 F.3d 1, 7 (1st Cir. 2003), *abrogated on other grounds by Doe*, 540 U.S.

-4-

at 618 ("The statutory 'adverse effect' requirement is generally viewed as a standing requirement and a causation requirement. . . .") (internal citation omitted); *Quinn v. Stone*, 978 F.2d 126, 135 (3d Cir. 1992) ("[T]o state a claim under the Act, the plaintiff must also allege a causal connection between the agency violation and the adverse effect."); *Hewitt v. Grabicki*, 794 F.2d 1373, 1379 (9th Cir. 1986) ("The Privacy Act requires a causal connection between the allegedly erroneous agency record and an adverse determination made against the individual."); *Albright v. United States*, 732 F.2d 181, 186 (D.C. Cir. 1984) (noting the importance of "the preliminary issue of causation"); *Edison v. Dep't of the Army*, 672 F.2d 840, 845 (11th Cir. 1982) (noting the "causal relationship" requirement).

B.     Analysis

Our circuit has had few occasions to address the Privacy Act generally and no occasions to define the scope of the statutory provisions at issue here. The government clearly did not follow the Act's requirements because the OF-612 did not indicate whether filling the form out was voluntary or mandatory or, alternatively, because Sweeney's supervisors ordered him to fill out the form even though filling it out was voluntary.[2] However, we conclude that Sweeney's injury is sufficiently attenuated from any violation of the Act's requirements to preclude a finding of causation.

Sweeney complains of a loss of pay. Sweeney's injury is not "fairly traceable," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), to DHS's failure to inform him of the voluntary nature of the OF-612. Rather, Sweeney's loss of pay was caused by his suspension, which, in turn,

---

[2]As noted earlier, "OF-612" is shorthand for "Optional Form 612," and the word "optional" in common parlance is equivalent to "voluntary." *See, e.g.*, WEBSTER'S NEW WORLD ROGET'S A–Z THESAURUS 552 (Michael Agnes ed., Macmillan 1999). However, the government did not make that argument, and the facts of Sweeney's situation make it unlikely that the parties ever considered the form "optional" or "voluntary" as the terms are commonly understood.

was the result of an internal agency disciplinary action.[3] It is possible that Sweeney's suspension may not have occurred had DHS informed him that filling out the form was voluntary, but such a hypothetical counterfactual situation is not sufficient to meet the causation requirement. Because DHS's violation of certain of the Act's requirements is so attenuated from Sweeney's later injury, Sweeney has failed to show that any violation caused the injury of which he complains.[4]

Furthermore, a ruling that Sweeney's injury was causally linked to DHS's failure to inform him that filling out the OF-612 was voluntary would lead to absurd consequences. Awarding Sweeney a monetary statutory remedy would have no effect on the underlying disciplinary procedure that was the direct cause of Sweeney's suspension. As Sweeney admitted at oral argument, nothing in the Privacy Act permits this court to address, much less correct, that adverse determination. Sweeney would have been in the unlikely position of having his statutory rights under the Act vindicated while at the same time being disciplined for insubordination for his refusal to follow his supervisor's unlawful order.

---

[3]DHS is not wholly free of blame in this situation. *See Usher v. Sec'y of Health and Human Svcs.*, 721 F.2d 854 (1st Cir. 1983) ("We see no basis in the statute for an agency's refusing to give the information specified in 5 U.S.C. § 552a(e)(3)."). Sweeney's suspension probably resulted from DHS not knowing, or not caring, that filling out the OF-612 was voluntary, a fact which, if understood, would seem to excuse Sweeney's insubordination in not filling it out. However, the Privacy Act is not the proper channel by which to challenge internal agency disciplinary processes with which one disagrees. *Cf. Reinbold v. Evers*, 187 F.3d 348, 360 (4th Cir. 1999) (holding, in a record-correction case, that "the Privacy Act does not allow a court to alter records that accurately reflect an administrative decision, nor the opinions behind that administrative decision, no matter how contestable the conclusions may be") (internal footnote omitted); *Douglas v. Agricultural Stablization & Conservation Svc.*, 33 F.3d 784, 785 (7th Cir. 1994) (same).

[4]Since Sweeney's injury was not caused by any DHS violation of the Act's requirements, we do not reach the district court's alternative holding that Sweeney failed to exhaust administrative remedies. Additionally, since Sweeney abandoned his record-correction claim under 5 U.S.C. § 552a(g)(1)(A), we do not review the district court's judgment disposing of that claim.

-6-

## IV. CONCLUSION

The district court properly awarded summary judgment in favor of DHS and against Sweeney, and we AFFIRM the judgment below.