# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20575
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2015

Lyle W. Cayce
Clerk

KENNETH SCOTT DUGGAN,

      Plaintiff - Appellant

v.

DEPARTMENT OF THE AIR FORCE; NATIONAL GUARD BUREAU,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-2556

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:*

      Appellant Kenneth Duggan ("Duggan") appeals the district court's order dismissing his claims under the Privacy Act.[1] For the reasons below, we AFFIRM.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 5 U.S.C. § 552a(g)(1).

No. 14-20575

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Duggan's claims are founded on the following allegations. In early 2009, Duggan, then serving on active duty as a member of the Texas Air National Guard, alleges he was involved in an altercation with Master Sergeant Richard Franks ("Franks"), a non-commissioned officer, during which Franks threatened Duggan's life.[2] Shortly thereafter, Duggan alleges he was unjustly found to have assaulted Franks, and as a result was placed on restricted duty, given menial tasks, and formally disciplined.[3] Duggan then contacted United States Senators regarding his treatment.[4]

However, Duggan alleges that his punishment continued through the collaboration of authority figures with loyalty to Franks.[5] As a result of allegedly unjust accusations by these individuals that Duggan took unauthorized leave, "[a]s of June 26, 2009, [Duggan] was asked to not return to the base, and began terminal leave through the end of his Title 10 activation orders."[6] As part of this campaign to see Duggan removed from military service, Duggan alleges that, on July 12, 2009 and August 25, 2009, Major Vincent Gradney and Major Debora Krupa accessed Duggan's medical records, directed their alteration and ultimately disclosed those records to Duggan's military unit.[7] Duggan ultimately separated from the Texas Air National Guard in September 2010.[8]

On July 11, 2011, Duggan filed his original complaint, asserting violations of the Privacy Act,[9] and on February 7, 2012, Duggan filed his first

---

[2] ROA.81.
[3] ROA.83-85.
[4] ROA.85.
[5] *Id.*
[6] ROA.86-88.
[7] ROA.91-92.
[8] ROA.104.
[9] ROA.8-15.

No. 14-20575

amended complaint, the live pleading at the time of the complained-of dismissal, in which he amended his Privacy Act claims and asserted additional claims falling under the Federal Tort Claims Act ("FTCA").[10]

On May 21, 2012, the district court granted Defendants' motion to dismiss Duggan's FTCA and Privacy Act claims pursuant to the *Feres* doctrine, under which certain tort claims of military service members are non-justiciable.[11] Duggan subsequently appealed only the dismissal of the Privacy Act claims,[12] and this court granted the Defendants' motion to vacate in part the district court's order applying the *Feres* doctrine to the Privacy Act claim.[13]

On remand and motion of the Defendants, the district court dismissed Duggan's Privacy Act claim for failure to sufficiently allege actual damages within the requirements of the Privacy Act.[14] Duggan timely appealed.[15]

## II.    STANDARD OF REVIEW AND RELEVANT LAW

This court reviews a district court's grant of a motion to dismiss de novo.[16] To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), all well-pleaded allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[17] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[18] "To

---

[10] ROA.64, ROA.75-115. Duggan's additional claims included assault, battery, negligence per se, gross negligence, civil conspiracy, retaliation, and intentional infliction of emotional distress.

[11] ROA.183-89.

[12] Kenneth Duggan v. Air Force, et al, 12-20420.

[13] ROA.213.

[14] ROA.563.

[15] ROA.564-65.

[16] *In re Katrina Canal Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

[17] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and footnote omitted).

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[19]

The Privacy Act broadly regulates the executive branch's handling of the private information of individuals when it is contained within a system of records,[20] and specifically imposes consent requirements on the disclosure of such information, subject to several exceptions not relevant here.[21] For claims of unauthorized disclosure, the Privacy Act provides for relief in the form of actual damages;[22] however, such damages are limited to "proven pecuniary or economic harm," to the exclusion of "damages for mental and emotional distress."[23]

## III.   DISCUSSION

Duggan's amended complaint alleges that the Privacy Act violations directly led to certain injuries, including harm to his relationships with his military co-workers, emotional turmoil, extreme embarrassment, "severe mental anguish," difficulty eating and sleeping, and paranoia.[24] Later in his complaint, Duggan seeks a damages award "for the adverse effects and harm caused by the [Privacy Act violations]," but does not further expand on the types of injury previously attributed to those violations.[25]

Duggan also alleges generally attributable, pecuniary injuries, averring that Defendants' *collective* conduct caused him emotional injury resulting in a diagnosis of hypertension requiring medication, and lost income and other

---

[19] *Id.* (internal quotation marks omitted).

[20] 5 U.S.C. § 552a.

[21] *See* 5 U.S.C. § 552a(b).

[22] 5 U.S.C. § 552a(g)(4).

[23] *See FAA v. Cooper*, 132 S. Ct. 1441, 1453 (2012); *see also Lonatro v. United States*, 714 F.3d 866 (5th Cir. 2013).

[24] ROA.102-03.

[25] ROA.110-11.

damages related to his termination from the military.[26] We consider the arguments surrounding these injuries *seriatim*.

Regarding the specifically attributed injuries, the parties first dispute whether the Privacy Act encompasses claims for these non-pecuniary damages. In *F.A.A. v. Cooper*, the Supreme Court specifically considered the scope of "actual damages" in the civil remedies provision of the Privacy Act, and held that those remedies do not extend to "loss of reputation, shame, mortification, injury to the feelings and the like."[27] *Cooper* squarely forecloses Duggan's recovery for these damages, and allegations thereof are insufficient to support the claim. Duggan's attempts to distinguish *Cooper* are unavailing.

Duggan's claim therefore relies on his allegations of pecuniary harm through income loss, which he broadly attributes to Defendants' "unlawful and improper conduct."[28] There is no dispute that these alleged damages comprise "actual damages" recoverable under the Privacy Act. However, Defendants argue that there is no plausible basis for their specific attribution to the Privacy Act violations.[29] In support, Defendants cite to *Sweeney v. Chertoff*, which held that a Privacy Act claimant's alleged injury (loss of pay) was too attenuated from the alleged violation (nondisclosure of a medical form's voluntary nature) to satisfy causation requirements.[30] In doing so, the *Sweeney* panel acknowledged the possibility that the injury might not have occurred but for the violation; the panel nevertheless concluded that, in light of evidence that the loss of pay resulted from the plaintiff's suspension after an internal

---

[26] ROA.103-04.

[27] 132 S. Ct. at 1451.

[28] ROA.104, ¶ 87.

[29] Red. Br. 8.

[30] 178 F. App'x 354, 357-58 (5th Cir. 2006).

agency disciplinary action, "such a hypothetical counterfactual situation is not sufficient to meet the causation requirement."[31]

Though not binding, *Sweeney*'s reasoning is persuasive, notwithstanding its application to the summary-judgment context or its issuance prior to the current pleading requirements. This is so because, considering Duggan's allegations within the *Twombly-Iqbal* framework, Duggan's recovery of actual damages for the alleged Privacy Act violations could only result from a "hypothetical, counterfactual situation" which is insufficient to satisfy the plausibility requirements at the motion-to-dismiss stage. Like the *Sweeney* plaintiff, Duggan was subject to disciplinary action for unauthorized leave, pursuant to which Duggan alleges he was "completely relieved of all duties, asked to return to the base, and began terminal leave."[32] Though Duggan otherwise alleges that the basis of this discipline was unjust, he does not allege it resulted from the Privacy Act violations.

Significantly and unlike the *Sweeney* plaintiff, Duggan experienced this injury prior to the alleged Privacy Act violations, which further undercuts any causal inference between the events. The inference is not strengthened by Duggan's argument in his reply that he was ultimately terminated in September of 2010.[33] According to Duggan's allegations, he "began terminal leave" weeks prior to the alleged Privacy Act violations and did not return to service prior to his ultimate termination; the progression of the alleged injury had all but concluded by the time the Privacy Act violations are alleged to have occurred.

---

[31] *Id.* at 358.

[32] ROA.87, ¶ 31.

[33] Reply Br. 8-9.

## IV.  CONCLUSION

Duggan's allegations simply do not support a plausible inference that the Privacy Act violations were causally related to his relief from duties and ultimate termination. Absent such a connection, there is no basis for Duggan's right to "actual damages" within the meaning of the Privacy Act. As a result, the district court did not err in dismissing Duggan's Privacy Act claims, and we AFFIRM.