**Alan J. WHITE, Appellant,**

v.

**UNITED STATES CIVIL SERVICE COMMISSION et al.**

**No. 78–1069.**

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 27, 1978.

Decided Dec. 11, 1978.

As Amended Jan. 19, 1979.

Rehearing Denied Jan. 26, 1979.

---

**28.** Tr. 440–441.

**29.** See Fed.R.Evid. 404(b).

**30.** Fed.R.Crim.P. 52(b).

Alan J. White, *pro se.*

Michael L. Lehr, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., and John A. Terry and Michael W. Farrell, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before WRIGHT, Chief Judge, and McGOWAN and WILKEY, Circuit Judges.

Opinion for the court *per curiam.*

PER CURIAM:

I

At the core of this dispute are certain evaluations of appellant Alan J. White that were solicited by the United States Civil Service Commission in connection with appellant's application for the position of administrative law judge. The five evaluations at issue were submitted by former colleagues and supervisors of appellant when he was an attorney with the Federal Power Commission.[1] Appellant was apparently worried that, because he had experienced some employment difficulties during his tenure at the FPC, the evaluations might have mischaracterized the manner in which he had discharged his duties. He sought, therefore, to have these potentially damaging evaluations removed from his application records on file with the Civil Service Commission by pressing a claim under the Privacy Act of 1974. Arguing that his application records were indeed "records" under the Act, 5 U.S.C. § 552a(a)(4) (1976), appellant contended that it was possible to amend the evaluations under a corresponding provision in the Act, because those evaluations were "not accurate, relevant, timely, or complete." 5 U.S.C. § 552a(d)(2)(B)(i)

(1976). The precise amendment sought by appellant was in fact deletion of the five evaluations from his file.

Appellant's request pursuant to the Privacy Act was denied by administrative action and affirmed on administrative appeal. Thereafter, appellant filed the present suit with the United States District Court in which he sought *de novo* review of his Privacy Act claims. *See* 5 U.S.C. § 552a(g) (1976). In the suit he charged appellees— the United States Civil Service Commission, one of its officers, and the Director of the Office of Administrative Law Judges—with violation of various provisions of the Act.

This appeal challenges the decision of the District Court, which granted appellees' motion for summary judgment on grounds that records pertaining to appellant's application for the position of administrative law judge were not "records" within the meaning of the Privacy Act of 1974, 5 U.S.C. § 552a(a)(4) (1976), and thus were not subject to amendment under that Act. 5 U.S.C. § 552a(d) (1976). To an extent we agree with the District Court; appellant's suit was properly dismissed. But we disagree with the grounds for dismissal offered by the trial judge, for we hold that appellant's application records are indeed records under the Act. However, because the possibility of judicial review of adverse administrative decisions taken with respect to appellant's employment application still exists, we consider the present appeal an inappropriate juncture at which to grant the relief sought under the Privacy Act.

II

The Privacy Act defines "record" as any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to

1. During the course of his dispute with the Civil Service Commission appellant was grant-

ed access to one of these evaluations and to parts of the other four.

the individual, such as a finger or voice print or a photograph[.]

5 U.S.C. § 552a(a)(4) (1976). Without stating its reasons, the District Court held that appellant's application records do not fall within this definition.[2] We disagree, and indeed are joined in our disagreement by appellees themselves, who concede in their brief on appeal that appellant was correct in deeming the evaluations contained in his application file to be "records" under the Act. Appellees' brief at 8. In holding that appellant's application records are within the Act's definition, we need resort only to the quoted language. That his application comprised "information about an individual that is maintained by an agency, including * * * his * * * employment history" is incontestable.

Appellees do not concede, however, that appellant is entitled to amend these records. They argue not only that the evaluations are by their very nature subjective, and thus not susceptible to objective verification and amendment, but also that amending them in in any rational way would entail a degree of inspection not compatible with maintaining the confidentiality of those who submitted the evaluations.[3]

It is neither necessary nor desirable to decide now the extent to which appellant may modify his application file in accordance with the Privacy Act. For in our view providing relief under the Privacy Act now is inappropriate and premature. Although appellant has unsuccessfully appealed within the Civil Service Commission the adverse administrative decisions with respect to his application for employment, he has yet to seek the judicial review of those decisions to which he is entitled under the Administrative Procedure Act, see 5 U.S.C. §§ 702, 704, 706(2)(A) (1976), which, as the parties agreed at oral argument, is still available to him. See 28 U.S.C. § 2401(a) (1976); Oppenheim v. Campbell, 187 U.S.App.D.C. 226, 228–229, 571 F.2d 660, 662–663 (1978). If in this action we were to grant appellant the relief he seeks under the Privacy Act, our decision would tend to undermine the established and proven method by which individuals, distressed by agency treatment of their employment applications, have obtained review from the courts. There is absolutely no indication that Congress had this in mind when it passed the Privacy Act.[4]

The Privacy Act may yet, of course, be of substantial importance in defining the course of appellant's employment fortunes, but the place for its invocation is on appeal to the District Court of the underlying administrative judgment made with respect to his application. We stress that our holding does not in any way seek to jeopardize rights under the Privacy Act to which appellant may ultimately be entitled; rather,

2. In the words of the District Judge, "[I]t appear[ed] to the Court that the records at issue are not the sort of records which are subject to amendment under the provisions of the Privacy Act of 1974 * * *." Appellant's Appendix at 355.

3. In support of the latter contention, appellees cite 5 U.S.C. § 552a(k)(5) (1976), which, so long as the agency has promulgated rules so providing, exempts from amendment

investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment, * * * but only to the extent that the disclosure of such material would reveal the identity of a source who furnished information to the Government under an express promise that the identity of the source would be held in confidence, or, prior to the effective date of this section, under an implied promise that the identity of the source would

be held in confidence. Appellees' brief at 16–17. Of course, since appellant has already had complete access to one of the evaluations and partial access to the other four, see note 1 supra, a future trial court may have to decide whether this exemption has continuing relevance to this case.

4. Appellant conceded at oral argument that his purpose in bringing this Privacy Act suit was to modify the record of his administrative proceeding, so that a future District Court reviewing the administrative decision of the Commission with respect to appellant's application for employment would not be confronted with the five possibly adverse evaluations. We believe, however, that in such a case an assessment of Privacy Act claims is properly undertaken simultaneously with the District Court's review of the administrative action, rather than antecedent to such review.

we hold that his reliance on any such rights in the instant suit is inappropriate.

*Affirmed.*