Diana DOUGLAS, Plaintiff–Appellant,

v.

AGRICULTURAL STABILIZATION AND
CONSERVATION SERVICE,
Defendant–Appellee.

No. 93–3262.

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 9, 1994.

Decided Aug. 24, 1994.

Rehearing and Suggestion for Rehearing
En Banc Denied Oct. 3, 1994.

Diana Douglas, submitted pro se.

William E. Coonan, Asst. U.S. Atty., Civ.
Div., Fairview Heights, IL, for defendant-
appellee.

Before POSNER, Chief Judge, and
EASTERBROOK and KANNE, Circuit
Judges.

EASTERBROOK, Circuit Judge.

The federal government subsidizes farm-
ers who set aside some of their land for
conservation, reforestation, or recreation. 7
U.S.C. § 1010. Local agents of the Agricul-
tural Stabilization and Conservation Service
administer this Conservation Reserve Pro-
gram. Diana Douglas signed a contract in
1987 placing several tracts of land into the
Program. One tract, Field 3A, supposedly
contained six acres of eligible land. After
Field 3A had been in the program for three
years, local officials concluded that only 3.8
acres were eligible for inclusion. Douglas
protested; site visits and negotiation led the
officials to offer a contract for 4.2 acres.
Douglas refused to sign and initiated admin-
istrative appeals, first to state and then to
national officials.

Without waiting for the outcome of these
appeals, Douglas filed this suit under the
Privacy Act, 5 U.S.C. § 552a. She asked the
district court to order the Service to correct
its records to show that the tract has 6
eligible acres and to award damages. See 5
U.S.C. § 552a(d)(2)(B). The district court
dismissed the suit on the ground that Doug-
las had not pursued administrative relief un-
der the Privacy Act. In light of opinions
such as *Diederich v. Department of the
Army*, 878 F.2d 646 (2d Cir.1989), and *Har-
per v. Kobelinski*, 589 F.2d 721 (D.C.Cir.
1978), this conclusion is open to question, but
we need not decide whether we would follow
these cases, which hold that exhaustion of the
Privacy Act's administrative remedies some-
times is unnecessary. For Douglas *did* pur-
sue administrative remedies—not avenues
bearing Privacy Act captions, to be sure, but
a series of administrative appeals giving her
ample opportunity to contest the very issue
she raises in this suit: whether Field 3A has
6 eligible acres. She exhausted these reme-
dies and lost on the merits. Douglas has
expressly disclaimed any effort to obtain re-
view of the final decision under the Adminis-
trative Procedure Act (perhaps because she

 785

admitted, on the final appeal to the Acting Administrator of the Service, that Field 3A was not in compliance with the program's eligibility standards). We join many other circuits in holding that the Privacy Act does not authorize relitigation of the substance of agency decisions. E.g., *Pellerin v. Veterans Administration*, 790 F.2d 1553, 1555 (11th Cir.1986); *White v. CSC*, 589 F.2d 713, 715 (D.C.Cir.1978); *Castella v. Long*, 701 F.Supp. 578, 584–85 (N.D.Tex.), affirmed, 862 F.2d 872 (5th Cir.1988).

The Privacy Act permits a person to contest the accuracy of administrative records. It supposes that there is a distinction between "records" and "decisions." So if, for example, the Civil Aeronautics Board revoked a pilot's license after finding that he had performed a barrel roll 500 feet over the stands of Soldier Field in Chicago, the (ex) pilot could use the Privacy Act to ensure that the record said that the offending maneuver took place at a height of 500 feet rather than, say, 50 feet (which would have posed much greater risk to the audience). He could not use the Privacy Act to contest the decision that he did indeed perform a low-level stunt—for the document recording that decision would be a wholly accurate rendition of what the CAB concluded. If an agency errs, the right response is not to rewrite history, changing the record in Orwellian fashion to pretend that it reached some other conclusion. The right response to error is to correct the disposition under the Administrative Procedure Act.

Just so here. According to Douglas, Field 3A is an oval with maximum dimensions of 1390 feet and 260 feet. The Service is not in doubt about the formula for determining the area of an oval or the number of square feet in an acre (43,560). The initial decision to award a subsidy was based entirely on data supplied by the Soil Conservation Service. Later employees of the Stabilization and Conservation Service studied aerial surveys and concluded that some of Douglas's land is not eligible for inclusion in the Program. Public employees applied the federal regulations to Field 3A and found only 3.8 to 4.2 acres eligible for subsidy. The Stabilization and Conservation Service may disagree with the Soil Conservation Service, which, according to Douglas, has changed its own records to show that 6 acres of the tract are suitable for the Program. But the contrary view of the Stabilization and Conservation Service is no less a "fact" than the dimensions of the field, and this bureau's records correctly record its decisions. Douglas disagrees with the decision, but the Privacy Act does not permit a court to alter documents that accurately reflect an administrative action, no matter how contestable the conclusion may be. See *Scruggs v. United States*, 929 F.2d 305 (7th Cir.1991). Douglas is entitled to place in the administrative file "a concise statement setting forth [her] reasons for . . . disagreement with the refusal of the agency" to delete or correct its record. 5 U.S.C. § 552a(d)(3). That is the limit of her rights under the Privacy Act.

AFFIRMED.