73 F.3d 364
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Richard L. GRENNIER, Plaintiff-Appellant,
v.
James NAGLE, et al., Defendants-Appellees.
 No. 94-3838.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 18, 1995.*
Decided Dec. 28, 1995.
 
 Before BAUER, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Richard Grennier is serving a sentence of life imprisonment. He was removed from a work release program and transferred to a higher security status after a prison disciplinary committee concluded that he wrote an inappropriate letter to a female student in an educational program Grennier was attending. Grennier believes that this change in his status violated the due process clause of the fourteenth amendment.
 
 
 2
 After the district court dismissed the suit, the Supreme Court decided Sandin v. Conner, 115 S.Ct. 2293 (1995). Sandin makes it plain that Grennier lacks a liberty or property interest in the work release program or classification status. Wisconsin has done no more than insist that Grennier remain in conditions of confinement ordinarily used for persons convicted of serious crime; the only process necessary to support that step is the trial and judgment of conviction. Grennier relies on the federal Administrative Procedure Act, which does not apply to states, and on a number of state statutes and rules, which federal courts do not enforce; the Constitution does not require states to follow their own law. See Archie v. Racine, 847 F.2d 1211 (7th Cir.1988) (en banc) (collecting cases).
 
 
 3
 Grennier believes that the disciplinary action may affect his opportunities for parole. Sandin did not question earlier cases saying that an opportunity to be considered for parole is a form of liberty interest, under at least some state systems. Board of Pardons v. Allen, 482 U.S. 369 (1987); Greenholtz v. Inmates of the Nebraska Penal and Correctional Center, 442 U.S. 1 (1979). Wisconsin has adopted a system for some prisoners, who are entitled to release after two-thirds of their terms unless they misbehave. See Felce v. Fielder, 974 F.2d 1484, 191-92 (7th Cir.1992). As a lifer, however, Grennier is ineligible for the kind of parole that Felce holds to be a liberty interest. Wis.Stat. 302.095(1m). After serving 20 years, Grennier may apply for release under Wis.Stat. Sec. 304.06(1)(b), but this program appears to vest such complete discretion in the parole authorities that it cannot be called a "liberty" interest under the standards of Allen and Greenholtz.
 
 
 4
 We need not anticipate this question, however. If the opportunity to seek discretionary release in Wisconsin turns out to be a liberty interest, or if Wisconsin law so provides, Grennier will be entitled to explain why he deems the letter to have been less serious than his custodians thought it was. That opportunity will provide the process due under the circumstances. Not even the federal Privacy Act (which is a substantial step beyond the constitutional minimum) requires public records to be accurate; it is satisfied by an opportunity for the affected person to state his side of events. Scruggs v. United States, 929 F.2d 305 (7th Cir.1991); Douglas v. Agricultural Stabilization and Conservation Service, 33 F.3d 784 (7th Cir.1994). Grennier will have that opportunity when applying for parole. But if Sec. 304.06 does not establish a liberty interest, then none of Grennier's constitutional rights is implicated. Either way, the judgment must be
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). Plaintiff filed such a statement. After consideration of that statement, we conclude that oral argument is unnecessary, so the appeal is submitted for decision on the briefs and record