**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 14 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

LEE R. PHILLIPS,

Plaintiff-Appellant,

v.

SHEILA E. WIDNALL, Secretary of
the Air Force, in her official capacity,
and UNITED STATES AIR FORCE,

Defendants-Appellees.

No. 96-2099
(D.C. No. CIV-93-1540-JP)
(D.N.M.)

ORDER AND JUDGMENT[*]

Before EBEL and HENRY, Circuit Judges, and DOWNES,[**] District Judge.

Plaintiff-appellant Lee R. Phillips, a former civilian employee at Kirtland

Air Force Base and a dependent spouse entitled to medical care from the United

States Air Force (USAF), brought suit in the district court claiming that

defendants-appellees Sheila E. Widnall and the USAF had improperly maintained

records of her employment and medical care in violation of the Privacy Act, 5

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable William F. Downes, District Judge, United States District Court
for the District of Wyoming, sitting by designation.

U.S.C. § 552a. Phillips, appearing pro se, requests review of the district court's order of January 22, 1996, which dismissed certain of her claims for injunctive relief and damages, entered summary judgment on other claims, and denied her request to consolidate the instant case with a case involving her employment discrimination claims. We affirm the rulings of the district court.

## I.    JURISDICTION

Although neither party has raised an issue of jurisdiction, we must first determine the scope of our jurisdiction on appeal. See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990) ("[F]ederal courts are under an independent obligation to examine their own jurisdiction"). The district court's order of January 22, 1996, disposed of all except one of Phillips' claims. In a separate order entered the same day, the district court made an express determination under Fed. R. Civ. P. 54(b) that there was no just reason for delay in the entry of final judgment on the claims terminated by summary judgment.[1]

Phillips filed a notice of appeal on May 3, 1996, after the district court denied her motion for reconsideration. Both parties then briefed issues relating to

---

[1]     The certification under Fed R. Civ. P. 54(b) was omitted from the district court's docket sheet and not included in the record on appeal. When Phillips brought the certification to our attention in a "motion to take judicial notice," defendants failed to respond. We construe Phillips' motion as a motion to supplement the record and grant the motion.

the dismissed claims, as well as the claims on which summary judgment had been entered. The district court dismissed Phillips' final claim on January 21, 1997.[2]

At the time Phillips filed her notice of appeal, the district court's order of January 22, 1996, was final and appealable with regard to the entry of summary judgment, but not with regard to the dismissed claims. See Bohn v. Park City Group, 94 F.3d 1457, 1459 (10th Cir. 1996); see also Fed. R. Civ. P. 54(b). A notice of appeal which is premature at filing because all claims have not been adjudicated may ripen upon disposition of the remaining claims. See Lewis v B.F. Goodrich Co., 850 F.2d 641, 645 (10th Cir. 1988). Moreover, notices of appeal filed by appellants who appear before us pro se are construed liberally. Shapolia v. Los Alamos Nat'l Lab., 992 F.2d 1033, 1036 n.3 (10th Cir. 1993).

We determine that the scope of our review extends to the claims and issues briefed by both parties. Phillips' notice of appeal ripened as to the dismissed claims upon the adjudication of the final claim on January 27, 1997, see Lewis, 850 F.2d at 645,[3] and the language of the notice of appeal may be construed to include the issues related to these claims, see Bohn, 94 F.3d at 1460. We

---

[2]    This court, sua sponte, has supplemented the record on appeal with the district court's order of January 21, 1997.

[3]    On December 3, 1996, Phillips filed a motion for enlargement of time in this court, stating that the district court had announced at a hearing that it would shortly enter a final order dispositive of all claims. We construe the motion as a motion to stay consideration of the merits of Phillips' appeal until the trial court had adjudicated all remaining claims and grant the motion.

emphasize, however, that our jurisdiction is limited to a review of the orders that existed on May 3, 1996, when the notice of appeal was filed. See Nolan v. United States Dep't of Justice, 973 F.2d 843, 846 (10th Cir. 1992).

## II. PRIVACY ACT CLAIMS

Under the Privacy Act, 5 U.S.C. § 552a, Phillips sought both injunctive relief and damages, based upon her allegations of improprieties in the way the USAF maintained her medical and employment files. The Privacy Act authorizes four civil remedies: first, injunctive relief, ordering the agency to amend inaccurate, incomplete, irrelevant, or untimely records, §§ 552a(g)(1)(A), (g)(2)(A); second, injunctive relief, ordering the agency to allow an individual access to his records, § 552a(g)(1)(B); third, damages for an intentional or willful failure to maintain a record "as is necessary to assure fairness in any determination . . . made on the basis of such record" if the erroneous record results in an adverse determination, §§ 552a(g)(1)(C), (g)(4); and fourth, damages for any other willful or wanton failure to comply with the Act, "in such a way as to have an adverse effect on an individual," §§ 552a(g)(1)(D), (g)(4). A plaintiff must exhaust administrative remedies before asking a court to compel correction of an inaccurate record, but not when seeking damages. Hubbard v. United States Envtl. Protection Agency Adm'r, 809 F.2d 1, 4 (D.C. Cir. 1986).

-4-

We review de novo the trial court's dismissal and summary judgment rulings. See Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 854 (10th Cir. 1996) (dismissal for failure to state a claim); Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996) (summary judgment). We uphold a dismissal under Fed. R. Civ. P. 12(b)(6) only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff. Fuller v. Norton, 86 F.3d 1016, 1020 (10th Cir. 1996). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Kaul, 83 F.3d at 1212. "Conclusory allegations that are unsubstantiated do not create an issue of fact and are insufficient to oppose summary judgment." Elsken v. Network Multi-Family Sec. Corp., 49 F.3d 1470, 1476 (10th Cir. 1995).

The major issue concerning Phillips' medical files relates to a physician's notation to the effect that Phillips was probably dependent upon a prescription medication. The notation reflected the physician's medical conclusion, which he based upon a number of objective factors and Phillips' own complaints of neck and low back pain. Phillips disputed the validity of this conclusion. At her

request, the USAF reviewed it, then informed her in writing of its determination that the notation would remain in her file. In the district court, Phillips sought an order requiring defendants to amend the record and, in addition, an award of damages for emotional distress, embarrassment, and difficulties in obtaining proper medical treatment.

The Privacy Act does not permit a court to alter documents that accurately reflect an agency decision, no matter how contestable the conclusion may be. <u>See Douglas v. Agric. Stabilization & Conservation Serv.</u>, 33 F.3d 784, 785 (7th Cir. 1994). Phillips is not entitled to court-ordered amendment of her record. Her equitable remedy is limited to placing in her file "'a concise statement setting forth [her] reasons for . . . disagreement with the refusal of the agency' to delete or correct its record." <u>Id</u>. (quoting 5 U.S.C. § 552a(d)(3)). For the same reasons, the reference to a probable drug dependency cannot form the basis for an award of damages under the Privacy Act. The district court was correct in entering summary judgment on the claims arising from this notation.

Phillips also asserts that she was not allowed access to her medical records and that the records are incomplete. Because she did not exhaust administrative remedies on her access claim, the trial court's dismissal of the request for injunctive relief was proper. Furthermore, Phillips' conclusory statements

concerning damages resulting from the allegedly incomplete records do not create a genuine issue of material fact sufficient to withstand summary judgment.

Phillips made similar claims concerning the way defendants maintained her employment records. Alleged inaccuracies and omissions in her employment files formed the basis of her claim for damages to remedy loss of a promotion and other benefits of employment. As the district court determined, this is not a recognizable claim under the Privacy Act. Where the Civil Service Reform Act (CSRA), Pub. L. 95-454, 92 Stat. 1111 (codified in various sections of 5 U.S.C.), precludes review of a personnel decision, the Privacy Act does not vest the court with jurisdiction to conduct such a review. Henderson v. Social Security Admin., 908 F.2d 559, 560-61 (10th Cir. 1990). The CSRA provides the exclusive remedial scheme for review of Phillips' claims related to her position as a nonappropriated fund instrumentality employee. See McAuliffe v. Rice, 966 F.2d 979, 981 (5th Cir. 1992) (holding CSRA furnishes the exclusive set of remedies available to federal employees of all types, including nonappropriated fund instrumentality employees).[4]

---

[4]     The term "nonappropriated fund instrumentality" denotes an organization whose monies are not received by congressional appropriation, and whose employees are paid primarily from income generated by the activity itself. Perez v. Army & Air Force Exch. Serv., 680 F.2d 779, 780 (D.C. Cir. 1982). Functions of nonappropriated fund instrumentalities include providing merchandise and services to authorized patrons and furnishing entertainment to military personnel

(continued...)

We agree with the district court that the Privacy Act does not provide the court with jurisdiction to review the allegedly prohibited personnel practices. Moreover, Phillips' request for an order requiring the defendants to restore documents to her files and to expunge a reference to her exercise of First Amendment rights was subject to dismissal for failure to exhaust administrative remedies.

We have carefully reviewed the entire record and the parties' submissions. We find that the district court did not err in disposing of Phillips' Privacy Act claims in its order of January 22, 1996, and we affirm.

## II.    MOTION TO CONSOLIDATE

We also affirm the district court's denial of Phillips' motion to consolidate the instant case with CIV No. 94-1044 M, a case she had filed alleging violations of Title VII, 42 U.S.C. §§ 2000e-2000e-17, and the Rehabilitation Act, 29 U.S.C. §§ 701-96i.[5] This determination is a matter committed to the discretion of the district court.  See Petromanagement Corp. v. Acme-Thomas Joint Venture, 835

---

[4](...continued)
at Army and Air Force installations.  Id.

[5]    The employment discrimination claims made in CIV 94-1044 M were originally a part of the instant action.  In an order filed August 9, 1994, the district court dismissed these claims for failure to exhaust administrative remedies.

-8-

F.2d 1329, 1334 (10th Cir. 1988). We do not find that the trial court abused its discretion in denying the motion to consolidate.

## III. CONCLUSION

The judgment of the district court is AFFIRMED. Phillips' motion to strike appellees' brief is denied. The brief was timely filed within thirty days after service of Phillips' brief. <u>See</u> Fed. R. App. P. 31(a). The mandate shall issue forthwith.

Entered for the Court


William F. Downes
District Judge