**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 2 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

LEE R. PHILLIPS,

      Plaintiff-Appellant,

v.

SHEILA E. WIDNALL, Secretary of
the Air Force, in her official capacity;
and DEPARTMENT OF THE AIR
FORCE,

      Defendants-Appellees.

Nos. 97-2032, 97-2089, &
97-2090
(D.C. Nos. CIV-94-1044-M,
CIV-93-1540-JP, &
CIV-96-1831-JC)
(D. N.M.)

---

ORDER AND JUDGMENT[*]

---

Before ANDERSON, BARRETT, and MURPHY, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

these appeals.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The cases are therefore ordered submitted without oral argument.

In these appeals, we review three lawsuits filed by plaintiff Lee R. Phillips against her former employer.  In each district court case, plaintiff claimed that defendants violated her rights under 29 U.S.C. § 791 of the Rehabilitation Act, Title VII, 42 U.S.C. §§ 2000e through 2000e-17, and New Mexico state law.  She alleged a failure to accommodate her handicap, discrimination against her on the bases of sex and age, retaliation, and a hostile work environment.  One case also alleged defendants violated the Privacy Act, 5 U.S.C. § 552a.  We address each case in the order it was filed in the district court.

## Appeal No. 97-2089

In this case, the district court dismissed without prejudice plaintiff's Rehabilitation Act and Title VII claims, and disposed of her Privacy Act claims on the merits.  In an earlier appeal, plaintiff appealed all but one of the district court's Privacy Act rulings.  This court resolved those claims after the district court certified the issues for appeal pursuant to Fed. R. Civ. P. 54(b).  See Phillips v .Widnall, No. 96-2099, 1997 WL 176394 (10th Cir. Apr. 14, 1997).  The claim retained in the district court was "plaintiff's action for an injunction allowing her to review and copy her employment records."  R. vol. 2, doc. 79 at 8 (district court's Jan. 22, 1996 memorandum opinion and order).  The district court

-2-

held a hearing on November 27, 1996, and found that plaintiff had been allowed to read and copy her employment records. See R. vol. 4, doc. 129 at 4 (district court's Jan. 21, 1997 order of dismissal). Consequently, the district court dismissed the case, and denied plaintiff's pending motions. See id. at 7.

On appeal, plaintiff asserts that the district court erred in (1) dismissing her Privacy Act claims without making findings of fact and conclusions of law on whether the records maintained by defendants were complete, (2) denying her request for costs based on her status as a prevailing party, (3) refusing to recuse, and (4) failing to provide plaintiff a fair hearing. She also alleges an impropriety in the preparation and submission of an order.

Plaintiff's claims that her employment and medical records were incomplete were addressed in her prior appeal, see Phillips, 1997 WL 176394 at **2-3, so we do not address them here. We also do not address her claim that she was a prevailing party because she has advanced no argument or authority in support of this claim. See Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) ("Despite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues.").

Plaintiff argues that the district judge was biased and prejudiced against her, and that he afforded preferential treatment to defendants. We review "the

denial of a motion to recuse only for abuse of discretion." Weatherhead v. Globe Int'l, Inc., 832 F.2d 1226, 1227 (10th Cir. 1987). Plaintiff's grounds for recusal are that the district judge made rulings adverse to her in the course of the litigation. Judicial rulings alone almost never constitute a valid basis for recusal based on bias or partiality. See Liteky v. United States, 510 U.S. 540, 555 (1994). Therefore, we find no abuse of discretion in the district court's denial of the recusal motion.

Plaintiff alleges she did not receive a fair hearing. Once again, she attempts to argue that the records maintained by defendants were incomplete, an issue not before us. To the extent plaintiff argues that the district judge incorrectly resolved the question of whether defendants had permitted her to review her file, her attorney agreed with the court's understanding that plaintiff had reviewed the file, see R. vol. 3, Hr'g Tr. at 24, and plaintiff does not dispute that statement now.

Plaintiff also complains that the district judge and the attorney for defendants engaged in improper extrajudicial communication. Plaintiff's claim is based on defense counsel's statement that, at the court's request, she drafted

a written order of the court's oral ruling made at the hearing.  See id. vol. 4, doc. 125 at 4.  Plaintiff also claims that defense counsel misrepresented to the court that her attorney had approved the proposed order, when, in fact, defense counsel informed the court that plaintiff's attorney had not approved it.  Plaintiff has failed to demonstrate any impropriety in the district court's request that counsel prepare an order, particularly where the order conformed to the oral ruling and there is no claim that the court and counsel discussed the merits of the case.

For the reasons set forth above, the judgment of the district court in appeal No. 97-2089 is AFFIRMED.

### Appeal No. 97-2032

As a preliminary matter, we address defendants' objection to the materials attached to plaintiff's opening brief on appeal.  Because those materials were not presented to the district court, we do not consider them.  See Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1549 n.1 (10th Cir. 1992).

Plaintiff filed this case as a consequence of the order in the preceding case, appeal No. 97-2089, dismissing without prejudice her claims based on the Rehabilitation Act and Title VII on the ground that she had failed to exhaust administrative remedies.  A different district court judge again dismissed the claims without prejudice for failure to exhaust administrative remedies.

"[E]xhaustion of administrative remedies is a jurisdictional prerequisite to instituting a Title VII action in federal court." Khader v. Aspin, 1 F.3d 968, 970 (10th Cir. 1993) (quotation omitted). We review de novo the question of this court's subject matter jurisdiction. See id. at 971.

Plaintiff filed an Equal Employment Opportunity (EEO) complaint against defendants in 1988 which was settled in 1990. Thereafter, plaintiff alleged that defendants breached the agreement, and she filed a formal request to enforce it. The matter proceeded to the Equal Employment Opportunity Commission (EEOC), who remanded to defendants' EEO office on October 1, 1993. The EEOC ruled that plaintiff's complaints should be brought as new claims, rather than as a claim to enforce the prior agreement. On remand, defendants sought to hold a "final interview" with plaintiff, pursuant to 29 C.F.R. § 1614.105(d), but she declined to attend on two occasions. In addition to her attempts to enforce the 1990 agreement, plaintiff's amended complaint alleged that she had filed several formal discrimination complaints against defendants during the period from September, 1992 through March, 1994.

The district court concluded that plaintiff had abandoned her claims in the administrative process. The order of dismissal indicates that the district court's conclusion was based on plaintiff's failure to meet with defendants' EEO counselor following the October 1, 1993 remand from the EEOC. The district

court also held that, as a federal employee, plaintiff was required to permit the administrative process to reach a conclusion.

The district court's order leaves unclear two questions necessary to the resolution of plaintiff's duty to exhaust administrative remedies: (1) whether her refusal to meet with defendants' EEO agency personnel hindered or obstructed the agency's ability to process her claims, and (2) whether the EEO agency had failed to resolve her discrimination complaints within the time set forth in 42 U.S.C. § 2000e-16(c) and 29 C.F.R. § 1614.408(b), thereby permitting her to file her federal court lawsuit.

To fulfill her obligation to exhaust administrative remedies, a plaintiff is required to give a "'[g]ood faith effort . . . to cooperate with the agency and the EEOC and to provide all relevant, available information. . . .'" Khader, 1 F.3d at 971 (quoting Wade v. Secretary of Army, 796 F.2d 1369, 1377 (11th Cir. 1986)). In Khader, the plaintiff prevented the EEO agency from completing its task because she refused to comply with a reasonable request for additional information. See id. at 970-71; see also Vinieratos v. United States Dep't of Air Force ex rel. Aldridge, 939 F.2d 762, 769 (9th Cir. 1991) (Plaintiff "did not merely abandon the EEO process[; h]e also obstructed that process.").

Here, defendants do not claim that plaintiff's refusal to attend the "final interview" obstructed the administrative process. To the contrary, defendants

argued to the district court that mailing the information to her completed the process. See R. vol. I, doc. 17 at 12. Therefore, we remand to the district court for a determination of whether plaintiff thwarted the EEO process. If her refusal to meet with defendants' EEO counselor obstructed the administrative process, then the district court is free to hold that plaintiff failed to exhaust administrative remedies as to those discrimination complaints. If, on the other hand, plaintiff did not obstruct the administrative process, then her failure to meet with defendants' EEO counselor cannot be the reason for concluding that she failed to exhaust administrative remedies. The district court also may examine whether plaintiff met other requirements to exhaust administrative remedies, such as filing the necessary documents within the applicable time limits. But see Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) ("[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.").

We also remand for a determination of whether plaintiff filed her federal lawsuit under the authority of 42 U.S.C. § 2000e-16(c) and 29 C.F.R. § 1614.408(b), which permit a federal employee to proceed in federal court if the EEO agency has not issued a final decision after 180 days. In her amended complaint, plaintiff alleged that defendants continued to discriminate against her

-8-

on the basis of her handicap and in retaliation for her previous EEO complaints. She averred that she filed formal complaints with the defendant's EEO agency, but the agency did not finally resolve those complaints until after 180 days had elapsed, thereby permitting her to proceed in federal court. On remand, the district court should determine whether plaintiff met the requirements of 42 U.S.C. § 2000e-16(c) and 29 C.F.R. § 1614.408(b). If so, she was not required to wait longer for the agency to issue a final decision before filing a federal court lawsuit.

Although we find no abuse of discretion in the district court's denial of plaintiff's second request to amend her complaint, see Creamer v. Laidlaw Transit, Inc., 86 F.3d 167, 171 (10th Cir.), cert. denied, 117 S. Ct. 437 (1996), the district court is free to entertain an amended complaint on remand if it would be helpful to the court. The district court's dismissal order in appeal No. 97-2032 is VACATED and REMANDED for further proceedings consistent with this order and judgment.

<u>Appeal No. 97-2090</u>

After her complaint was dismissed without prejudice for the second time, plaintiff filed a third lawsuit, again raising her employment discrimination claims. The district court dismissed the complaint pursuant to the doctrine of res judicata, concluding that the claims had been raised and decided in the two prior cases. As a result of the remand in appeal No. 97-2032, the doctrine of res judicata is not applicable to the district court's order in this appeal. <u>See</u> <u>Franklin Sav. Ass'n</u> <u>v. Office of Thrift Supervision</u>, 35 F.3d 1466, 1469 (10th Cir. 1994). Accordingly, the district court's judgment is VACATED.

<u>Conclusion</u>

The judgment in appeal No. 97-2089 is AFFIRMED. The judgment in appeal No. 97-2032 is VACATED, and the cause is REMANDED for further proceedings as directed in this order and judgment. The judgment in appeal No. 97-2090 is VACATED. The mandates shall issue forthwith.

Entered for the Court

Stephen H. Anderson
Circuit Judge