**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-50951**
**Summary Calendar**
_____

**PHILE A. WATSON,**

**Plaintiff-Appellant,**

**versus**

**LOUIS CALDERA,**

**Defendant-Appellee.**

**Appeal from the United States District Court**
**for the Western District of Texas**
**(W-99-CV-312)**

April 23, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Phile A. Watson's Privacy Act complaint having been dismissed for failure to state a claim upon which relief can be granted, Watson asserts the district court erred in granting summary judgment. In support, Watson contends there are material fact issues: the five alleged factual errors in his Army military records that he seeks to correct.

Needless to say, when matters outside the pleadings are presented to, and *not* excluded by, the court in support of a motion to dismiss for failure to state a claim, the motion "shall be

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

treated as one for summary judgment". FED. R. CIV. P. 12(b)(6). The grant of such a motion is reviewed as would be any other summary judgment, *i.e.*, *de novo,* applying the same legal standards as did the district court. *E.g., **Songbyrd, Inc. v. Bearsville Records, Inc.***, 104 F.3d 773, 776 (5th Cir. 1997).

The Privacy Act permits a person to contest the accuracy of administrative records; it does *not* authorize relitigation of the substance of agency decisions. *See* 5 U.S.C. § 552a(g)(1)(C); **Castella v. Long**, 701 F. Supp. 578, 584-85 (N.D. Tex.), *aff'd*, 862 F.2d 872 (5th Cir. 1988) (Table), *cert. denied*, 493 U.S. 936 (1989); **Reinbold v. Evers**, 187 F.3d 348, 360 (4th Cir. 1999); **Douglas v. Agric. Stabilization & Conservation Serv.**, 33 F.3d 784, 785 (7th Cir. 1994). Each of the alleged factual errors are, instead, attempts to relitigate the Army's decision to issue a general discharge. Again, such an attempt is *not* cognizable under the Privacy Act.

**AFFIRMED**

2