# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3919

_____

| | |
|---|---|
| William D. Jones, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of Nebraska. |
| U. S. Merit Systems Protection | * |
| Board; Farm Credit Administration, | * [UNPUBLISHED] |
| | * |
| Appellees. | * |

_____

Submitted: February 5, 2007
Filed: February 16, 2007

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

William D. Jones appeals the district court's[1] dismissal of his February 24, 2005 complaint for failure to state a claim. Jones requested deletion of certain statements contained in administrative decisions relating to his request to reopen an appeal of his 1979 termination from the Farm Credit Administration. The United States Merit Systems Protection Board denied the request, and Jones filed a complaint alleging that the denial violated the Privacy Act, 5 U.S.C. § 552a. We agree with the district court

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

that the Privacy Act does not apply to Jones's request, because the statements accurately reflect administrative decisions. See Reinbold v. Evers, 187 F.3d 348, 360-61 (4th Cir. 1999) ("the Privacy Act does not allow a court to alter records that accurately reflect an administrative decision, . . . no matter how contestable the conclusions may be"; proper form of relief is placing concise statement of disagreement in records); Douglas v. Agric. Stabilization & Conservation Serv., 33 F.3d 784, 785 (7th Cir. 1994) (Privacy Act does not authorize relitigation of substance of agency decisions; Act permits person to contest accuracy of administrative records, but supposes "a distinction between 'records' and 'decisions'"); Pellerin v. Veterans Admin., 790 F.2d 1553, 1555 (11th Cir. 1986) ("[c]ourts have consistently denied plaintiff's use of the Privacy Act as a weapon to collaterally attack agency determinations"; Act allows for amendment of factual or historical errors, but is not vehicle for amending judgments of federal officials and may not be employed as "skeleton key" for reopening consideration of unfavorable federal agency decisions).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____