CLD-117                                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3740
_____

PAUL J. BISHOP,
                                                    Appellant
                                v.

THE OFFICE OF PERSONNEL MANAGEMENT;
THE DEPARTMENT OF HOMELAND SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 2-12-cv-00004)
District Judge:  Honorable Kevin McNulty
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 14, 2013

Before:  RENDELL, JORDAN, VAN ANTWERPEN, Circuit Judges

(Opinion filed: February 28, 2013)
_____

OPINION
_____

PER CURIAM

        Paul J. Bishop appeals pro se from the order of the District Court dismissing his

complaint.  We will affirm.

1

The Department of Homeland Security ("DHS") terminated Bishop's employment as a border protection specialist in 2007. Bishop sought review by the Office of Special Counsel, which rejected his challenge, and then appealed to the Merit Systems Protection Board ("MSPB"), which upheld his termination. See Bishop v. DHS, No. 2:10-cv-1095, 2010 WL 5392897, at *1 (D.N.J. Dec. 21, 2010). The civil action at issue here is Bishop's third arising from these events.

Bishop's first complaint sought reinstatement to his position on the ground that the DHS breached a purported contract by improperly terminating him on the basis of disclosures that he made while attempting to resolve a claim before the Equal Employment Opportunity Commission. (D.N.J. Civ. No. 10-cv-01095.) The District Court transferred the complaint to the United States Court of Appeals for the Federal Circuit to be treated as a petition for review because (with exceptions not relevant here) that court has exclusive jurisdiction to review the MSPB's rulings. See 5 U.S.C. § 7703(b)(1)(A). Bishop did not pursue the petition, however, and that court dismissed it. (Fed. Cir. No. 11-3052, Feb. 2, 2011.) Instead of pursuing that petition, Bishop filed another nearly identical complaint in the District Court. (D.N.J. Civ. No. 11-cv-00573.) The District Court dismissed that complaint, and Bishop did not appeal.

Bishop then filed the complaint at issue here. This time, he brought a claim under the Privacy Act seeking an order requiring defendants to "correct" the purportedly inaccurate records that led to his termination. He also alleged that defendants refused his

2

requests under the Freedom of Information Act ("FOIA") for his personnel file, which he claimed would reveal that his termination was illegal. In addition, he repeated his allegations regarding the purported misuse of his EEOC-related disclosures, claimed that his termination was otherwise wrongful, and sought damages for his "loss of salary and career opportunities." The District Court dismissed Bishop's complaint, and Bishop appeals. We have jurisdiction under 28 U.S.C. § 1291.

The District Court declined to exercise jurisdiction over Bishop's FOIA claim as a prudential matter because he has not exhausted his administrative remedies by administratively appealing the DHS's denials of his FOIA requests. See McDonnell v. United States, 4 F.3d 1227, 1240-41 & n.9 (3d Cir. 1993). The District Court also dismissed Bishop's Privacy Act claim because his request to "correct" his personnel actually constitutes an attempt to relitigate the merits of his termination. See Douglas v. Agric. Stabilization and Conservation Bd., 33 F.3d 784, 785 (7th Cir. 1994).

Bishop has raised no substantial challenge to these rulings on appeal. Instead, he repeats the allegations from his prior complaints, belatedly challenges the transfer of his first complaint to the Federal Circuit, and raises other inapposite arguments that do not require discussion. After nevertheless reviewing the matter de novo, we agree that dismissal was warranted for the reasons explained by the District Court. We add that Bishop could have sought a subpoena for his records before the MSPB, see 5 U.S.C. § 1204(b)(2)(A), and could have sought relief on review from any refusal to permit it, see

3

Baker v. Dep't of Health & Human Servs., 912 F.2d 1448, 1457 (Fed. Cir. 1990) (reviewing MSPB's refusal to issue subpoena). For these reasons, we will affirm the judgment of the District Court. Bishop's motion to expedite this appeal and his other requests in that motion are denied.