**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2605
_____

PAUL J. BISHOP

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY;
MERIT SYSTEMS PROTECTION BOARD;
UNITED STATES OFFICE OF PERSONNEL MANAGEMENT

Paul Bishop,
                                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 14-cv-05244)
District Judge:  Honorable Freda L. Wolfson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 18, 2016
Before:  AMBRO, GREENAWAY, JR. and [1]SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 3, 2016 )

_____

---

[1] The Honorable Dolores K. Sloviter participated in the decision in this case.  Judge Sloviter assumed inactive status on April 4, 2016 after the submission date, but before the filing of the opinion.  This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and Third Circuit I.O.P. Chapter 12.

PER CURIAM

Paul Bishop appeals the District Court's order granting the Government's motion to dismiss his complaint and request for an injunction against further filings relating to his termination from the Department of Homeland Services. For the reasons below, we will affirm the District Court's order.

The procedural history of this case and the details of Bishop's claims are well known to the parties, set forth in the District Court's thorough opinion, and need not be discussed at length. See also Bishop v. Office of Pers. Mgmt., 514 F. App'x 104 (3d Cir. 2013) (per curiam). Briefly, Bishop alleged that the Appellee agencies denied him due process in his removal from his probationary position as a federal intern. The District Court determined that it lacked subject-matter jurisdiction over the federal agencies named in the complaint and that the complaint was untimely filed. It also enjoined him from filing future complaints based on his termination. Bishop filed a timely notice of appeal, and we have jurisdiction under 28 U.S.C. § 1291.

To the extent that Bishop sought monetary damages, the District Court correctly determined that it lacked jurisdiction over his claims because the agencies' sovereign immunity for Bivens claims has not been explicitly waived by Congress. Treasurer of

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

N.J. v. U.S. Dep't of the Treasury, 684 F.3d 382, 395-97 (3d Cir. 2012). To the extent that Bishop sought equitable relief, the District Court's jurisdiction over Bishop's claims was precluded by the comprehensive statutory scheme created by the Civil Service Reform Act (CSRA). See Elgin v. Dep't of Treasury, 132 S. Ct. 2126, 2132-33 (2012) (CSRA precludes district court jurisdiction over constitutional claims for equitable relief); Kotarski v. Cooper, 866 F.2d 311, 312 (9th Cir. 1989) (CSRA precludes Bivens action by probationary employee). Bishop had review of his termination by the Merit Systems Protection Board (MSPB) and had the opportunity for judicial review of the MSPB's decision when the District Court transferred his first complaint to the Court of Appeals for the Federal Circuit to be treated as a petition for review. See 5 U.S.C. § 7703(b)(1)(A) (petition for review of decision by MSPB shall be filed in the Court of Appeals for the Federal Circuit). That Bishop declined to litigate that petition for review does not entitle him to bring another complaint in the District Court. See Semper v. Gomez, 747 F.3d 229, 242 (3d Cir. 2014) (CSRA precludes claims where employee could pursue relief under remedial plan that provides for judicial review).

In his brief, Bishop argues that because Appellee DHS did not provide him with due process, res judicata does not apply. However, the District Court did not dismiss his complaint on the grounds of res judicata.

Thus, we turn now to the injunction the District Court entered against Bishop which prohibits him from filing additional complaints regarding his termination without leave of the court. While Bishop requests that we vacate the injunction against future

3

filings, he does not dispute the District Court's conclusions supporting the injunction: that he has abused the judicial process by filing four meritless complaints in the District Court, that he received notice of the injunction and an opportunity to respond, and that the injunction is narrowly tailored.  In re Oliver, 682 F.2d 443, 446 (3d Cir. 1982).  The District Court did not err in entering the injunction against Bishop.

For the above reasons, we will affirm the District Court's order.