NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2566
_____

PAUL J. BISHOP,
                              Appellant

v.

UNITED STATES DEPARTMENT OF AGRICULTURE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-15-cv-03658)
District Judge:  Honorable Brian R. Martinotti

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 10, 2018
Before:  VANASKIE, COWEN, and NYGAARD, Circuit Judges

(Opinion filed: February 9, 2018)
_____

OPINION[*]
_____

PER CURIAM

    Pro se appellant Paul J. Bishop appeals from the District Court's order granting the

motion to dismiss filed by the United States Department of Agriculture ("USDA").  For

the reasons discussed below, we will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

Because we write primarily for the parties, who are already familiar with this case, we include only those facts necessary to reach our conclusion.

In 2015, Bishop commenced this case by filing a complaint in the District Court against USDA. Bishop alleged that USDA refused to hire him as an entomologist or botanist in retaliation for employment-related complaints Bishop had made against his former employer, the Department of Homeland Security ("DHS"). [1] Bishop alleged that he was not hired for those positions because DHS "black listed" him from all federal employment. He also alleged that USDA was informed of his prior employment complaints by a private investigator who was allegedly hired to review Bishop's past. Bishop did not allege that any USDA employees involved in the hiring process knew of Bishop's prior employment complaints.

---

[1] DHS hired Bishop in 2005 as a border protection specialist. DHS terminated Bishop's employment in August 2007. Beginning in May 2007, and continuing after his termination, Bishop filed numerous employment-related complaints against DHS. Among other things, Bishop alleged that DHS failed to provide required training and that a DHS supervisor made derogatory remarks. In 2013, we affirmed the District Court's order dismissing a complaint related to Bishop's termination by DHS. See Bishop v. Office of Pers. Mgmt., 514 F. App'x 104 (3d Cir. 2013) (per curiam). In 2015, we affirmed the District Court's order dismissing a separate complaint against DHS and entering an injunction against further filings related to Bishop's termination by DHS. See Bishop v. U.S. Dep't of Homeland Security, C.A. No. 15-2605. Bishop has also raised related complaints with the Equal Employment Opportunity Commission, the Office of Special Counsel, and the Merit System Protection Board ("MSPB"); and Bishop has related litigation against USDA currently pending in the District Court and before the MSPB.

In January 2017, USDA moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing, among other things, that Bishop failed to allege facts that would support a reasonable inference of retaliation by USDA employees.  In opposition to the motion to dismiss, Bishop contended that his retaliation claim was based not only on his prior complaints against DHS, but also on three equal employment opportunity complaints that he had made against USDA.[2]  However, Bishop still did not allege that anyone involved in selecting candidates for the positions at USDA knew of those complaints.  Nor did Bishop seek to amend his complaint at any time.

Seven months later, the District Court held a hearing on the motion.  The District Court asked Bishop whether there were any additional facts that would support an inference that any of his employment complaints caused USDA to refuse to hire him.  Bishop stated that, in his interview with USDA and in related litigation, he learned that USDA was required by policy to contact DHS to obtain references during the hiring process.  But again, Bishop did not allege that anyone involved in USDA's hiring process made contact with DHS or knew of Bishop's prior complaints.

At the end of the hearing, the District Court issued an oral opinion concluding that Bishop had failed to state a plausible retaliation claim, without addressing whether amendment would be futile.  Cf. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d

---

[2] One complaint post-dated the failure to hire, one was filed more than a year prior, and one was filed five days before the failure to hire occurred.

Cir. 2002). The District Court subsequently entered an order dismissing the complaint with prejudice. This timely appeal followed.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal under Rule 12(b)(6), W. Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 97 (3d Cir. 2010), and ask whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). [3]

## III.

To state a claim for retaliation under Title VII, a plaintiff must allege that: (i) he engaged in activity protected by Title VII; (ii) an employer took an adverse action against him; and (iii) there is a causal connection between his participation in the protected activity and the adverse employment action. See Moore v. City of Philadelphia, 461 F.3d 331, 340–41 (3d Cir. 2006); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

---

[3] Bishop argues on appeal that the District Court erred in applying a heightened pleading standard to his Title VII retaliation claim. See Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). From our review of the District Court's oral opinion, it does not appear that a heightened pleading standard was applied; and, in any event, we may affirm on any basis supported by the record, applying the appropriate standard. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

To survive USDA's motion to dismiss, Bishop was required to plead facts that would plausibly support an inference that there was a causal connection between his prior employment complaints and USDA's failure to hire him. See Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); see also LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 232–33 (3d Cir. 2007) (to show causation in a Title VII claim, "[a]mong the kinds of evidence that a plaintiff can proffer are intervening antagonism or retaliatory animus, inconsistencies in the employer's articulated reasons for terminating the employee, or any other … [allegations that would] support the inference of retaliatory animus."). This he did not do, even under the liberal construction we afford pro se pleadings. See Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

Bishop failed to make a plausible allegation that any hiring official at USDA had knowledge of his prior protected activity. Cf. Ambrose v. Twp. of Robinson, 303 F.3d 488, 493 (3d Cir. 2002) (explaining that "[i]t is only intuitive that for protected conduct to be a substantial or motiving factor in a decision, the decisionmakers must be aware of the protected conduct"). Therefore, Bishop failed to plead the requisite causal connection between his participation in the protected activity and the adverse employment action. See Moore, 461 F.3d at 340–41. Although one of Bishop's many complaints against USDA has a close temporal connection to the decision not to hire him, the "mere fact that

5

adverse employment action occurs after a complaint will ordinarily be insufficient to satisfy the plaintiff's burden of demonstrating a causal link between the two events." Robinson v. City of Pittsburgh, 120 F.3d 1286, 1302 (3d Cir.1997), overruled on other grounds by Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006).[4]

Bishop argues on appeal that the District Court should have granted him leave to amend his complaint. Bishop is correct that, in its oral opinion, the District Court failed to determine whether amendment would be futile before dismissing the complaint with prejudice, contrary to this Court's guidance in civil rights cases. See Grayson, 293 F.3d at 108.[5] Nonetheless, because the record is clear that amendment would have been futile, we will affirm the judgment of the District Court.

Bishop has had many opportunities to file a sufficiently specific complaint after USDA filed its motion to dismiss nearly one year ago. Instead of amending his complaint in any meaningful way to address the deficiencies, Bishop made additional allegations in his responsive papers and at oral argument. The District Court nonetheless considered those allegations and determined, correctly, that they lack the requisite degree

---

[4] We have also reviewed Bishop's allegations that USDA did not properly evaluate his qualifications and credentials, and that USDA altered its evaluation of Bishop's candidacy based on his protected activity. The District Court correctly determined, based on the complaint and attached exhibits, that Bishop's allegations lack facial plausibility. See Iqbal, 556 U.S. at 678.

[5] "[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). We have not decided whether this rule applies to Title VII actions, and we need not so decide in this case.

of specificity.  Even on appeal, Bishop has failed to identify which additional facts he would have alleged if given the opportunity.  In short, if he "had knowledge of facts that would cure the defects in [his] complaint, [he] should have asserted them before now." Fletcher-Harlee, 482 F.3d at 253.[6]

## IV.

Accordingly, we will affirm the judgment of the District Court.  To the extent Bishop's reply brief can be construed as including a motion to appoint counsel, the motion is denied.

---

[6] We have considered Bishop's remaining arguments and conclude that they are meritless.